NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLEN ANDERSON, | No. 18-55710 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01915-JGB-SP |
| v. | |
| CITY OF RIALTO, a municipal corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted November 6, 2019
Pasadena, California

Before: FARRIS, McKEOWN, and PARKER,** Circuit Judges.

Glen Anderson appeals the district court's grant of summary judgment in

favor of defendants, the City of Rialto, Randy De Anda, and Ed Scott, for claims

brought pursuant to 42 U.S.C. § 1983 and Cal. Lab. Code § 1102.5. The parties are

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant of summary judgment. *See Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013). The Ninth Circuit applies a five-step test to determine whether a public employee has an actionable First Amendment retaliation claim: "(1) whether the plaintiff spoke on a matter of public concern; (2) whether the plaintiff spoke as a private citizen or public employee; (3) whether the plaintiff's protected speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from other members of the general public; and (5) whether the state would have taken the adverse employment action even absent the protected speech." *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

The plaintiff bears the burden of presenting evidence to satisfy the first three steps. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Once this burden is met, the government must present evidence that satisfies one of the two remaining steps. *Ulrich v. City and County of San Francisco*, 308 F.3d 968, 976-77 (9th Cir. 2002). Under the fifth step, the government may avoid liability by showing, by a preponderance of evidence, that the employee's protected speech was not a but-for cause of the adverse employment action. *Soranno's Gasco*, 874

F.2d at 1315 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 285 (1977)).

Taking Anderson's version of the facts as true, the government meets its burden under step five. The district court did not err in granting summary judgment on both First Amendment retaliation claims under § 1983. Anderson's claims against Scott are derivative of his claims against the City of Rialto and De Anda and thus fail for the same reason.

The district court also did not err in granting summary judgment of the whistleblower retaliation claim because §1102.5 does not protect individuals who report a publicly known fact. *Mize-Kurzman v. Marin Cmty. Coll. Dist.*, 202 Cal. App. 4th 832, 858 (2012). Anderson's alleged disclosure concerned a conversation that occurred during a public, televised city council meeting.

**AFFIRMED**.